IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS R. JONES,                :       CIVIL NO. 1:CV-06-200
       Petitioner      :
                       :       (Chief Judge Kane)
    v.              :
                       :
TROY WILLIAMSON, et al.,        :
       Respondents     :

**MEMORANDUM and ORDER**

Petitioner Thomas R. Jones filed the instant petition for writ of habeas corpus action pursuant to 28 U.S.C. § 2241 on January 25, 2006. At the time he filed this action, Petitioner was confined at the Allenwood Low Security Correctional Institution in White Deer, Pennsylvania.[1] Named as Respondents are Troy Williamson, the Warden at LSCI-Allenwood and the United States Parole Commission ("Commission"). Petitioner claims the Commission failed to abide by its regulation at 28 C.F.R. § 2.19(c) when it did not give him notice of the aggravating factors it would consider in departing from the guideline range. He contends that the Commission departed from the guideline range without justifiable reason and acted arbitrary and capricious. He further claims that the Commission impermissibly used the same criteria to exceed the guideline range on two separate occasions. For the reasons that follow, the Court finds the petition to be without merit.

I.   Background

Petitioner was sentenced to eight (8) to twenty-four (24) years of imprisonment for second degree murder on August 13, 1997, by the District of Columbia Superior Court. Jurisdiction over

---

[1] Petitioner has since been transferred to the Federal Correctional Institution at Allenwood, Pennsylvania.

Petitioner, as a D.C. offender, was thereafter transferred to the United States Parole Commission.[2] On April 4, 2000, he received an initial parole hearing from the Commission. The Initial Hearing Summary reveals that Petitioner received a point score under the applicable regulations as 5 points, a score not allowing parole at that time.[3] See 28 C.F.R. § 2.80 (2000). The Examiner found no reason to go outside the guidelines, that Petitioner had rehearing guidelines of 18-24 months, and recommended a rehearing take place after 20 months. As such, the Examiner recommended that parole be denied and Petitioner continued for rehearing in August of 2002, twenty (20) months from his parole eligibility of December 11, 2000. (Doc. 10, Response, Ex. 2.) A Notice of Action was issued by the Commission on May 4, 2000, ordering that parole be denied and Petitioner continued for a rehearing in December 2005, after service of 60 months from his parole eligibility date of December 11, 2000. This was a departure from the 18-24 month rehearing guidelines. The Commission set forth the following explanation for the departure:

> After consideration of all factors and information presented, a departure from the rehearing guidelines at this consideration is warranted for the following reason: You are a more serious risk than indicated by your base point score in that the instant murder involved an exceptionally cruel killing of the victim by taking him unaware as he stood by his car in conversation with others. You proceeded to shoot him at least 6 times, indicating that his murder was a deliberate assassination. At your parole hearing, you falsely claimed that you shot the victim in self defense when he pulled a gun on you. Your

---

[2] The Commission exercises jurisdiction over District of Columbia Code offenders pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code § 24-131 (formerly § 24-1231). This statute abolished the DC Board of Parole and transferred jurisdiction of parole decisions for all D.C. Code offenders to the Parole Commission.

[3] He received a Salient Factor Score of 6 and a Base Point Score of 6. He received 0 points for negative institutional behavior and 1 point for ordinary program achievement sufficient to reduce the Total Point Score to 5. (Doc. 10, Resp., Ex. 2 at 1-2.)

> lack of remorse, refusal to accept responsibility for this crime, and
> contempt for the evidence upon which you were convicted, warrants
> the conclusion that your participation in prison programming would
> not be a meaningful indicant of you [sic] rehabilitation.

(Doc. 10, Ex. 3 at 2.)

On June 9, 2005, a rehearing was conducted by the Commission.[4] (Doc. 10, Ex. 4, Hearing Summary.)  At the hearing, Petitioner's Total Guideline Range under 28 C.F.R. § 2.80 was computed by the Hearing Examiner. Pursuant to § 2.80, the salient factor score is computed under § 2.20 and then converted into a Base Point Score, taking into account the degree of violence in the current and prior offenses, and whether the current offense involved "high level violence" and/or resulted in the death of the victim. See § 2.80 (c)-(f). Petitioner's salient factor score was computed as 3 points, due to a finding that he had one prior commitment of more than thirty days. (Id.) This converted to a Base Point Score of 8 points.

Petitioner's Base Point Score of 8 points correlates to a Base Guideline Range of 72-96 months. ( See § 2.80(h).)  Added to this base range by the Hearing Examiner was 71-71, the months to be served to parole eligibility (see § 2.80(i)), and 0-2 months for a disciplinary infraction Petitioner incurred since his last hearing (see §2.80(j)). Subtracted from the guideline range was 8 months for Petitioner's superior program achievement since the last hearing. Based on the foregoing

---

[4] The rehearing was conducted earlier than the December 2005 rehearing date set forth in the Notice of Action of May 4, 2000 since rehearings under the Commission's Procedures in effect at the time, were scheduled from the eligibility date and the eligibility date was more than 60 months from the hearing date. The Commission modified its recommendation in a Notice of Action dated May 10, 2005, and scheduled Petitioner for a rehearing on the next available docket, thereby bringing him closer to the permitted range. (Doc. 1, Pet., Ex. 2; Doc. 10, Ex. 4.)  Petitioner attempts to make an issue out of the fact that the rehearing was originally scheduled for and conducted outside of the policy's 5 year range. However, when the Commission realized the problem, Petitioner's date was moved up to the next available time. Petitioner received his rehearing and no prejudice resulted as parole was not granted in any event.

calculations, Petitioner had a Total Guideline Range of 135-161 months.[5] The Examiner recommended a rehearing rather than parole, based on the information contained in the Notice of Action dated May 4, 2000, as a reason to exceed the rehearing guidelines. (Doc. 10, Ex. 4 at 4.) Petitioner had been in confinement as a result of his current offense behavior for a total of 125 months as of June 18, 2005. This recommendation was adopted by the Commission in a Notice of Action dated July 8, 2005, wherein parole was denied and Petitioner continued to a 3 year rehearing in June of 2008, after service of 36 months. (Doc. 10, Ex. 5.)

On November 16, 2005, the Commission issued a Notice of Action reopening Petitioner's case pursuant to 28 C.F.R. § 2.28(a) based upon the receipt of new and significant information. It was discovered through correspondence received from Petitioner's counsel that Petitioner neither had a prison commitment of more than 30 days prior to the date he committed his current offense nor was on probation at the time of his current offense. (Doc. 10, Ex. 6.) As such, his salient factor score was modified from 3 to 6, with a resulting reduction in Petitioner's Total Guideline Range from 143-167 months to 99-113 months. (Doc. 10, Ex. 7, Notice of Action dated 11/16/05.) No change was ordered by the Commission in its previous decision to continue Petitioner to a 3 year rehearing in June of 2008, which now represented a departure from the guidelines. The Commission provided the following reasons for the departure:

> The gravity of the current offense is deemed sufficient to warrant an upward departure from the guidelines and a denial of parole for the following reasons: The murder you committed was in response to a drug transaction which had gone poorly. The Commission does not accept your version of events in which you state you had nothing to do with the drug matter and that you acted in self-defense when the victim pulled a gun on you. The instant murder

---

[5] Petitioner's prior total guideline range was 143-167 before recalculation by the Hearing Examiner to 135-161 months.

4

> involved an exceptionally cruel killing of the victim by taking him unaware as he stood by his car in conversation with others. You proceeded to shoot him at least 6 times, indicating that this murder was a deliberate assassination. Your lack of remorse, refusal to accept responsibility for this crime, and contempt for the evidence upon which you were convicted, warrants the conclusion that your participation in prison programming and your service of sentence within the guideline range, would not be a meaningful indicant of your rehabilitation.

(Id.) Petitioner thereafter filed the instant habeas petition on January 25, 2006, challenging actions of the Parole Commission.

II.     Discussion

      A.     Commission's Failure to Provide Notice of Departure from Guidelines

Petitioner first contends that the Commission violated its regulation at 28 C.F.R. § 2.19(c) when it failed during his rehearing of June 9, 2005, to provide him notice of the factors it would consider in departing from the guidelines. Pursuant to § 2.19(c) aggravating or mitigating circumstances may be taken into consideration by the Commission provided the prisoner is apprised of the information and afforded an opportunity to respond. Petitioner challenges the Commission's action in following the recommendation of the Examiner because during the June 9, 2005 rehearing, rehearing as opposed to parole was recommended based upon information contained in the Notice of Action dated May 4, 2000 as a reason to exceed the rehearing guidelines. The May 4, 2000 Notice of Action set forth reasons for departing from the rehearing guidelines after Petitioner's initial parole hearing.

Petitioner's argument is without merit for the following reasons. In a previous action Petitioner filed raising a due process challenge regarding the factors considered by the Commission in departing from the rehearing guideline range after his initial hearing, this Court found as follows:

> Petitioner was afforded an opportunity to respond to the factors

> considered by the Commission in its decision to depart from the guidelines. The factors considered by the Commission were established in Petitioner's criminal proceedings, and he was responding to these factors when he presented a contrary version of events allegedly exculpating him from the murder. The Commission found this assertion was contradicted by the eyewitness accounts as well as the number of gunshots to the victim, and the Commission concluded that Petitioner's assertions were not credible. Therefore, Petitioner was not denied due process in his initial hearing, and Petitioner's due process claim will be denied.

(Doc. 10, Ex. 8, Jones v. Apker, No. 3:Civ-04-0016, slip op. at 6 (M.D. Pa., May 31, 2005)(Kane, J.) A subsequent request for certificate of appealability was denied by the Third Circuit Court of Appeals. (Id., Ex. 9.)

Presently, Petitioner does not allege a denial of due process but rather of the Commission's regulation requiring a prisoner to be afforded an opportunity to respond to information regarding aggravating circumstances. This Court's reasoning set forth in the earlier case applies with the same force in the instant case. In the 2005 hearing summary being challenged, the Examiner did advise Petitioner of the reasons for exceeding the rehearing guidelines. She specifically stated that she continued to rely on the same reasons given in the 2000 hearing. (Doc. 10, Ex. 4 at 4.) The record reveals that Petitioner did receive an opportunity to respond to the aggravating circumstances the Commission was going to consider. First, at the initial hearing, Petitioner responded to those factors and presented a contrary version of events allegedly exculpating him from the murder. The Commission found this assertion to be contradicted by the eyewitness accounts as well as the number of gunshots to the victim, and concluded that Petitioner's assertions were not credible. More importantly, in the 2005 rehearing, Petitioner had the opportunity to respond again to those same aggravating factors when he stated that he did not believe the Examiner could use those same reasons previously used. (Id.) Any argument by Petitioner that he was without notice of the

aggravating factors to be considered and without opportunity to respond is wholly unsupported by the record.

        B.        Rational Basis for Commission's Departure from the Guidelines

Petitioner contends that there exists no rationale basis in the record for a departure from the guideline range. This issue was previously litigated before this Court in Petitioner's earlier habeas action following his initial parole hearing. (Doc. 10, Ex. 8 at 5-6.) This Court held that pursuant to the standards set forth in Furnari v. Warden, 218 F.3d 250 (3d Cir. 2000)[6], the Commission articulated a rational basis for its determination to depart from the guideline ranges and did not abuse its discretion. Specifically, this Court held that the Commission's reasons, the aggravating circumstances of the offense and Petitioner's refusal to accept responsibility, were supported by a rational basis in the record.

In the instant case, Petitioner attempts to challenge the basis for the Commission's departure from the guidelines in his rehearing wherein the Commission relied upon the same aggravating factors which were previously found by this Court to establish a rational basis for the Commission's conclusions. Clearly, Petitioner's claim is without merit as the support for a finding of rational basis remains in the record.

        C.        Use of same considerations to exceed the Guidelines

---

[6] In Furnari, the Third Circuit held that the function of judicial review on a petition for writ of habeas corpus in the parole context is to determine whether the Commission abused its discretion. The standard applied in such a review is not "preponderance of the evidence" or "substantial evidence", but rather whether there exists a rational basis in the record for the conclusions set forth by the Commission in its statement of reasons. Furnari, 218 F.3d at 254; see also Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976).

7

Petitioner's final argument is that the Commission impermissibly used the same considerations/aggravating factors to exceed the guidelines on two separate occasions. It is well settled that the determination of eligibility for parole for a D.C. prisoner has been committed to the discretion of the Commission by Congress. See United States v. Addonizio, 442 U.S. 178 (1979); Muhammad v. Mendez, 200 F. Supp.2d 466 (M.D. Pa. 2002). Because the Constitution itself does not create any liberty interest in parole, to prove a due process violation such an interest must emanate from state law, or in this case, District of Columbia law. See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979). Eligibility for parole is governed by the District of Columbia parole statute and regulations. To determine parole eligibility, the Commission must (1) analyze the probability that the prisoner can live and remain at liberty without violation of the law, and (2) conclude his release is compatible with the welfare of society. D.C. Code Ann. § 24-404. There are no set of facts which mandate a prisoner's release on parole. See Ellis v. District of Columbia, 84 F.3d 1413, 1420 (D.C. Cir. 1996).

Each time the Commission conducts a parole hearing/rehearing, it evaluates whether the prisoner can be released without violating the law and such release is compatible with the welfare of society. The aggravated nature of the offense considered at the initial hearing is a relevant consideration at any subsequent hearing as well in that the community's welfare is always a consideration. The fact that the consideration of these factors may have contributed to a decision to deny release on parole in the past does not mean these factors cannot be considered in the future. Petitioner always has the opportunity at any rehearing to offer other facts in his favor which could result in a different outcome at the rehearing - - such as remorse, acceptance of responsibility for his crimes, and any other indications that he has been rehabilitated. As such, the Court finds

8

Petitioner's argument to be without merit as the Commission's conclusions about his eligibility for release on parole remained supported by a rational basis in the record. The record is void of any new factors offered by Petitioner or otherwise which would support a contrary conclusion. An appropriate Order follows.

III. Order

**AND NOW**, this 31st day of January, 2007, upon consideration of the petition for writ of habeas corpus, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this matter.

                                          s/ Yvette Kane
                                          YVETTE KANE, Chief Judge
                                          Middle District of Pennsylvania